23-6019-cr
*United States v. Cohn (Walls)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-three.

Present:
> JON O. NEWMAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
>
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                 23-6019-cr

ULYSSES WALLS, AKA GUWALA,

*Defendant-Appellant.* *

---

FOR DEFENDANT-APPELLANT:        Nicholas J. Pinto, The Law Offices of Nicholas J. Pinto, New York, New York.

FOR APPELLEE:        Joshua R. Rosenthal, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Northern District of New York,
Albany, New York.

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*) granting the motion of Defendant-Appellant Ulysses Walls ("Walls") for a mistrial but denying Walls's claim that double jeopardy attached and barred retrial.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the arguments on appeal, which we discuss only as necessary to explain our decision.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Walls was indicted for armed bank robbery of Trustco Bank in Albany, New York and for conspiring to rob M&T Bank in North Greenbrush, New York in February of 2019.   Through the first two days of trial, which began on December 13, 2022, the government's evidence included testimony tying Walls's DNA to a lighter recovered from one of the crime scenes and a cooperating witness's testimony that she drove Walls to Trustco Bank on the day Walls allegedly robbed it. The cooperating witness further testified to waiting in the car while Walls donned a mask, entered the bank with another co-conspirator, and then returned minutes later with a black duffel bag full of money.

On the evening of the second day of trial, one of the two Assistant United States Attorneys ("AUSAs") handling the prosecution emailed Walls's lawyer about 199 pages of documents, mainly comprising forensic reports from the FBI that the government had failed to disclose before the start of trial.   In chambers and with counsel present, the district judge put the assigned FBI case agent under oath and questioned him about the late production.   The case agent testified that he previously thought he had turned all the files over in 2019, but that, in

reviewing materials to prepare to testify at trial, he realized he had not. After this questioning, the district judge invited Walls's counsel to move for whatever relief he thought appropriate in response to the late production. Walls subsequently moved to dismiss the operative indictment on various grounds, including for *Brady* violations. Walls's motion also requested an evidentiary hearing to examine the assigned AUSAs and to further question the case agent.

The district judge held a second conference in chambers and questioned the AUSAs, though they were not placed under oath. After questioning, the district judge determined that, although the government had been negligent and inept in failing to turn over the documents, it did not appear that the government had intended to create a mistrial. The judge also found that the documents were not exculpatory and did not constitute *Brady* material. Finally, the judge determined that it was not necessary to hold an evidentiary hearing to inquire further into the late disclosure.

Walls then moved for a mistrial and for dismissal with prejudice. The government did not oppose the mistrial motion but did oppose dismissal with prejudice, arguing that double jeopardy should not attach. The district court granted the mistrial motion but, regarding dismissal, agreed that double jeopardy did not attach to bar a retrial.

Walls appealed. "[W]e have jurisdiction to hear this interlocutory appeal pursuant to 28 U.S.C. § 1291 . . . because appeals may be taken prior to final judgment . . . where, as here, a double jeopardy claim is made." *United States v. Pavloyianis*, 996 F.2d 1467, 1472 (2d Cir. 1993) (citing *Abney v. United States*, 431 U.S. 651, 663 (1977)).

\*　　\*　　\*

Walls argues that the district court erred by not finding that the government intended to create a mistrial, and that the district court erred by failing to hold an evidentiary hearing to further question the FBI case agent and the AUSAs. We disagree.

"When the Government engages in misconduct intended to provoke a mistrial, the Double Jeopardy clause protects the defendant from reprosecution. The Supreme Court has made clear that mere bad faith conduct or harassment on the part of the Government is insufficient to preclude reprosecution; rather, the district court must determine if the prosecution actually intended to provoke a mistrial." *United States v. Millan*, 17 F.3d 14, 18 (2d Cir. 1994) (internal quotation marks and citations omitted). In other words, "[t]he crucial question . . . [i]s whether the prosecutorial misconduct was engaged in for the purpose of 'goading' defendant into moving for a mistrial or prejudicing his possibility of obtaining an acquittal." *Pavloyianis*, 996 F.2d at 1473; *see Millan*, 17 F.3d at 19 (affirming the district court's finding that there was no intentional misconduct where the district court had "reviewed the question of the Government's intent and concluded that 'there is simply no evidence that the Government engaged in deliberate conduct to avoid an imminent acquittal'" (alterations adopted)). We review the district court's findings as to the government's intent for clear error, s*ee Millan*, 17 F.3d at 18, "and the decision not to hold an evidentiary hearing for abuse of discretion." *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001).

We perceive no clear error in the district court's conclusion that the government's late disclosure was due to incompetence, rather than due to a desire to create a mistrial and "avoid an imminent acquittal." *Millan*, 17 F.3d at 19. Given the strength of the evidence presented against Walls at that point in the trial and the questions posed to the FBI case agent under oath, the

4

district judge reasonably concluded that the government did not make the late disclosure because it thought trial was going poorly.

Moreover, "[n]o rule of law requires a hearing" to take evidence about "prosecutorial intent" "where the relevant facts can be ascertained from the record." *Pavloyianis*, 996 F.2d at 1475. We think that was the case here: The district judge had a sufficient record before her to make a reasoned decision as to whether the government acted with "the purpose of goading defendant into moving for a mistrial." *Id.* at 1473 (citation and quotation marks omitted).

We have considered Walls's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5